THE HONORABLE FRANKLIN D. BURGESS
MAGISTRATE JUDGE KAREN STROMBOM

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| ROBERT SMITH, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>THE STATE OF WASHINGTON, *et al.*,<br><br>    Defendants. | NO. C07-5135 FDB/KLS<br><br>MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS PURSUANT TO 28 U.S.C. § 1915(g) AND MEMORANDUM IN SUPPORT THEREOF<br><br>NOTE ON MOTION CALENDAR: AUGUST 24, 2007 |

## MOTION

Defendants through their attorneys, ROBERT M. MCKENNA, Attorney General, and HEIDI S. HOLLAND, Assistant Attorney General, move to revoke Plaintiff's *in forma paueris* status pursuant to 28 U.S.C. § 1915(g) and submit the following supporting memorandum.

## MEMORANDUM

### I.  INTRODUCTION

On March 15, 2007, Plaintiff, a Washington State Department of Corrections inmate, filed a motion to proceed *in forma pauperis*. Dkt. No. 1, Motion for Leave to Proceed *in forma pauperis*. On April 19, 2007, the Court granted his motion. Dkt. No. 4, Order granting Motion for Leave to Proceed *in forma pauperis*. Plaintiff, in his Civil Rights Complaint, claimed to

MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS PURSUANT TO 28 U.S.C. § 1915(g) AND MEMORANDUM IN SUPPORT THEREOF
NO. C07-5135 FDB/KLS

1

ATTORNEY GENERAL OF WASHINGTON
West 1116 Riverside Avenue
Spokane, WA 99201-1194
(509) 456-3123

1  have only brought one previous lawsuit in federal court while a prisoner. Dkt. No. 5, Prisoner
2  Civil Rights Complaint, at 1. That assertion is patently untrue.[1]  In fact, Plaintiff has brought
3  at least thirty-one federal civil actions regarding his incarceration since 1990.  Exhibit 1,
4  Declaration of Heather Hocking, Attachment A, Printout from Courtlink of Search Results for
5  Federal Court Cases Involving Robert Smith Jr.; Exhibit 1, Attachment J, Order to Show
6  Cause, Smith v. Bettis, et al., USDC Cause No.  C04-2226JLR-MJB, at  Exhibit A.

## II.   ARGUMENT

Plaintiff's *in forma pauperis* status should be revoked because he has received more than three formal "strikes" pursuant to 28 U.S.C. § 1915(g)

**A.   The purpose of the Prison Litigation Reform Act (PLRA) is to reduce useless, frivolous litigation that puts an undue burden on the court system.**

The Prison Litigation Reform Act (PLRA), specifically 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court in Tierney v. Kupers, 128 F.3d 1310 (9th Cir. 1997) instructed,

> In support of the PLRA, proponents cited the costliness and common frivolity of prison inmate lawsuits. *See, e.g.,* 141 Cong. Rec. S19, 110-07, S19,113 (daily ed. Dec. 21, 1995) (statement of Senator Kyl). They spoke of the Act's potential to act as a deterrent and achieve a 50% reduction in "bogus" federal inmate claims. *Id.* at S19,114.

Id. at 1311.

That not withstanding, the fact that the Plaintiff has filed thirty-one federal civil actions alone does not suffice to show that Plaintiff has suffered "three strikes" under the PLRA. Andrews v. King, 398 F.3d 1113 (9th Cir. 2005). Defendants bear the initial production burden to show that at least three of these cases have been dismissed as frivolous, malicious, or for failure to

---

[1] This is not the first time Plaintiff has misinformed the Court. In Smith v. Bettis, USDC Cause No. C04-2226-JLR, Plaintiff claimed in his civil rights complaint that he had filed three previous lawsuits. However, the Court noted that its records revealed that Plaintiff had filed at least twenty six lawsuits since 1990, including

MOTION TO REVOKE
PLAINTIFF'S *IN FORMA PAUPERIS*
STATUS PURSUANT TO 28 U.S.C. §
1915(g) AND MEMORANDUM IN
SUPPORT THEREOF
NO.  C07-5135 FDB/KLS

2

ATTORNEY GENERAL OF WASHINGTON
West 1116 Riverside Avenue
Spokane, WA 99201-1194
(509) 456-3123

1  state claim.  Id.  Once the defendants have met this initial burden, the burden then shifts to the

2  inmate, who must rebut the defendants' showing by explaining why a prior dismissal should

3  not count as a strike.  Id.  Plaintiff's litigation history clearly indicates his abuse of the process,

4  which is exactly what the PLRA was intended to prevent.  In four of these federal civil actions,

5  Plaintiff has received a formal "strike," where the Court has clearly made a finding that the

6  dismissal counts as a strike under 28 U.S.C. § 1915(g).

**B.    Plaintiff's *in forma pauperis* status should be revoked in that he has on more than three occasions brought an action or appeal that was determined to be frivolous, malicious or failed to state a claim.**

9  Plaintiff has explicitly received four formal "strikes" pursuant to 28 U.S.C. § 1915(g).

10  Exhibit 1, Attachment B, Order Dismissing Complaint Without Prejudice, Smith v. Gambone,

11  et al., USDC Cause No. CS-98-473-RHW; Exhibit 1, Attachment E, Order, Smith v. DSHS,

12  USDC Cause No. C98-1121-R; Exhibit 1, Attachment H, Order, Smith v. Bettis, et al., USDC

13  Cause No. C04-1396C; Exhibit 1, Attachment L, Order Dismissing § 1983 Action, Smith v.

14  Bettis, et al., USDC Cause No. C04-2226-JLR-MJB.[2]  Additionally, Plaintiff has **implicitly**

15  received five additional "strikes" pursuant to 28 U.S.C. § 1915(g).[3]  Accordingly, Plaintiff's

16  motion to proceed *in forma pauperis* should be revoked absent a showing that he is "under

17  imminent danger of serious physical injury" pursuant to 28 U.S.C. § 1915(g).

18  In Smith v. Gambone, USDC Cause No. CS-98-473-R, the Court entered an order on

19  August 6, 1999 advising the Plaintiff of the deficiencies of his complaints and directing him to

20  amend or voluntarily dismiss within sixty days.  Exhibit 1, Attachment B.  Plaintiff did not do

21  either.  The Court dismissed his complaint on December 10, 1999 for failing to state a claim

---

[2] Of note, since filing this civil lawsuit, Plaintiff has incurred a fifth "formal" strike in Smith v. Roberts. Exhibit 1, Attachment O, Order Adopting Report and Recommendation, Smith v. Roberts, et al., USDC Cause No. C06-5635-RJB; Exhibit 1, Attachment P, Judgment in a Civil Case, Smith v. Roberts, et al., USDC Cause No. 06-5635-RJB.  While instructive, this recent "strike" does not count against Plaintiff because only those received up to the time this lawsuit was filed are considered.  Lopez v. U.S. Dept. of Justice, 2007 WL 1211652 (3rd Cir.).

[3] See Smith v. Sgt. Herriot and C/O J. Daggett, USDC Cause No. CT-98-5027-EFS; Smith v. Kittleson, et al., USDC Cause No. C00-2070R; Smith v. Taylor, USDC Cause No. C04-0345TSZ; Smith v. Robin, USDC Cause No. C05-0280-JLR-JPD; Smith v. Davis, et al., USDC Cause No. C04-1483JLR.

MOTION TO REVOKE
PLAINTIFF'S *IN FORMA PAUPERIS*
STATUS PURSUANT TO 28 U.S.C. §
1915(g) AND MEMORANDUM IN
SUPPORT THEREOF
NO.  C07-5135 FDB/KLS

3

ATTORNEY GENERAL OF WASHINGTON
West 1116 Riverside Avenue
Spokane, WA 99201-1194
(509) 456-3123

1  upon which relief may be granted.  Id.  The Court wrote **"This dismissal of Plaintiff's**
2  **complaint may count as one of the three dismissals allowed by 28 U.S.C. §1915(g) and**
3  **may adversely affect his ability to file future claims."**  Id. (emphasis in original court order).
4  In Smith v. DSHS, USDC Cause No. 98-1121-R, Plaintiff challenged his state criminal
5  conviction and sentence.  Exhibit 1, Attachment D, Report and Recommendation, Smith v.
6  DSHS., USDC Cause No. 98-1121-R, at 2.  The Magistrate Judge found that Plaintiff failed to
7  state a claim upon which relief could be granted.  Exhibit 1, Attachment D, at 4.  Additionally,
8  he recommended that a strike be assessed against Plaintiff pursuant to 28 U.S.C. § 1915(g).  Id.
9  On March 30, 1999, the Court entered an order that adopted the Report and Recommendation
10 and wrote, **"Plaintiff is assessed a "strike" pursuant to 28 U.S.C. § 1915(g)."**  Exhibit 1,
11 Attachment E (emphasis added).
12 In Smith v. Bettis, USDC Cause No. C04-1396C, the Court found that Plaintiff's
13 claims did not rise to the level of a constitutional violation.  Exhibit 1, Attachment H.  On
14 October 22, 2004, the Court entered an order that adopted the Report and Recommendation
15 and wrote **"This dismissal shall count as a dismissal under 28 U.S.C. § 1915(g)."**  Id.
16 (emphasis added).
17 In Smith v. Bettis, USDC Cause No. C04-2226JLR, Plaintiff alleged that the
18 defendants violated his civil rights when they searched his cell on October 10, 2004.  However,
19 after reviewing the record the Magistrate Judge concluded in her Report and Recommendation
20 that "Plaintiff's claims lack legal support and factual support."  Exhibit 1, Attachment K, at 4.
21 She went onto state "The Court recommends that this dismissal count as a "strike" under 28
22 U.S.C. § 1915 (g), because plaintiff's claims are legally and factually frivolous."  Id.  On
23 February 27, 2006, the Court entered an order that adopted the Report and Recommendation
24 and wrote **"This dismissal shall count as a dismissal under 28 U.S.C. § 1915(g)."**  Exhibit 1,
25 Attachment L (emphasis added).
26

MOTION TO REVOKE
PLAINTIFF'S *IN FORMA PAUPERIS*
STATUS PURSUANT TO 28 U.S.C. §
1915(g) AND MEMORANDUM IN
SUPPORT THEREOF
 NO.  C07-5135 FDB/KLS

4

ATTORNEY GENERAL OF WASHINGTON
West 1116 Riverside Avenue
Spokane, WA 99201-1194
(509) 456-3123

1   Plaintiff's history with the federal courts clearly demonstrates his abuse of the civil
2   litigation process. It is notable that this would not be the first time Plaintiff's *in forma*
3   *pauperis* status has been revoked. In Smith v. Lehman, USDC Cause No. CV03-05691-FDB,
4   the Court revoked his *in forma pauperis* status because the Court found that his appeal was not
5   taken in good faith. Exhibit 1, Attachment Q, Order/Notice of Referral, Smith v. Lehman, et
6   al., USDC Cause No. CV03-05691-FDB; Exhibit 1, Attachment R, Order, Smith v. Lehman, et
7   al., 9th Circuit Cause No. 04-35368. Accordingly, Plaintiff's *in forma pauperis* status, in this
8   case, should be revoked.

### III. CONCLUSION

For the aforementioned reasons, Defendants respectfully move the court to revoke Plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g) and require that he pay the filing fee or his claim be dismissed.

DATED this 27th day of July, 2007.

ROBERT M. MCKENNA
Attorney General

/s/Heidi S. Holland
HEIDI S. HOLLAND, WSBA #27264
Assistant Attorney General
Attorneys for Defendants

MOTION TO REVOKE
PLAINTIFF'S *IN FORMA PAUPERIS*
STATUS PURSUANT TO 28 U.S.C. §
1915(g) AND MEMORANDUM IN
SUPPORT THEREOF
NO. C07-5135 FDB/KLS

5

ATTORNEY GENERAL OF WASHINGTON
West 1116 Riverside Avenue
Spokane, WA 99201-1194
(509) 456-3123

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

 1

 2    I hereby certify that I caused to be electronically filed the foregoing MOTION TO

 3   REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS PURSUANT TO 28 U.S.C. §

 4   1915(g) with the Clerk of the Court using the CM/ECF system. I certify that I mailed by United

 5   States Postal Service the document to the following non CM/ECF participants:

 6   ROBERT SMITH, JR  #128227
     U-G-C-24L
 7   STAFFORD CREEK CORRECTIONS CENTER
     191 CONSTANTINE WAY
 8   ABERDEEN, WA  98520-9504

 9
     DATED this 27th day of July, 2007.
10

11                                    /s/ Kenna A. Davies
                                      KENNA A. DAVIES
12                                    Legal Assistant II

13

---

MOTION TO REVOKE
PLAINTIFF'S *IN FORMA PAUPERIS*
STATUS PURSUANT TO 28 U.S.C. §
1915(g) AND MEMORANDUM IN
SUPPORT THEREOF
 NO.  C07-5135 FDB/KLS

6

ATTORNEY GENERAL OF WASHINGTON
West 1116 Riverside Avenue
Spokane, WA 99201-1194
(509) 456-3123