UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT SMITH, JR., <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF WASHINGTON, *et al.*, <br><br> Defendants. | Case No. C07-5135 FDB/KLS <br><br> REPORT AND RECOMMENDATION TO REVOKE *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(g) <br><br> **NOTED FOR: September 28, 2007** |

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted *in forma pauperis* status. (Dkt. # 4). Before the Court is the motion of Defendants to revoke Plaintiff's *in forma pauperis* status because he has received more than three formal "strikes" pursuant to 28 U.S.C. § 1915(g). (Dkt. # 17). Having reviewed the motion and Plaintiff's response and memorandum (Dkt. # 22 and 23), the undersigned recommends that Defendants' motion be granted and Plaintiff's *in forma pauperis* status be revoked.

**DISCUSSION**

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while

REPORT AND RECOMMENDATION - 1

›incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If defendants challenge a plaintiff's *in forma pauperis* (IFP) status, then the intial production burden rests with the defendants. *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). When challenging a prisoner's IFP status, the defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were "frivolous, malicious or fail[ed] to state a claim." § 1915(g). In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike. However, in many instances, the docket records will not reflect the basis for the dismissal. In these instances, the defendants may not simply rest on the fact of the dismissal. *Id*. Rather, the defendants must produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was "frivolous, malicious or fail[ed] to state a claim. § 1915(g). *Id*.

Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike. *Id*.

Plaintiff claimed to have brought only one previous lawsuit in federal court while a prisoner. (Dkt. # 5 at 1). Defendants note that Plaintiff has, in fact, brought at least thirty-one civil actions regarding his incarceration since 1990. (Dkt. # 17, Exh. 1, Attach. A). In addition, Defendants have presented evidence that Plaintiff has received four formal "strikes" pursuant to 28 U.S.C. § 1915(g).

REPORT AND RECOMMENDATION - 2

In *Smith v. Gambone*, USDC Cause No. CS-98-473-R, the Court entered an order on August 6, 1999, advising Plaintiff of the deficiencies in his complaint and directing him to amend or voluntarily dismiss within sixty days. (Dkt. # 17, Exh. 1, Attach. B). On December 10, 1999, Plaintiff's complaint was dismissed without prejudice for failure to state a claim upon which relief may be granted. (*Id*., Exh. 1, Attach. B). The Court held that the dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. §1915(g) and may adversely affect his ability to file future claims. (*Id*.)

In *Smith v. DSHS*, USDC Cause No. 98-1121-R, Plaintiff's action challenging his state criminal conviction and sentence was dismissed with prejudice for failure to state a claim and was assessed a strike pursuant to 28 U.S.C. § 1915(g). (Dkt. #17, Exh. 1, Attach. E).

In *Smith v. Bettis*, USDC Cause No. C04-1396C, the Court found that Plaintiff's claims did not rise to the level of a constitutional violation and entered an Order stating that "the dismissal shall count as a dismissal under 28 U.S.C. § 1915(g)." (*Id*., Attach. H.).

In *Smith v. Bettis*, USDC Cause No. C04-2226JLR, on October 10, 2004, the Magistrate Judge found that Plaintiff's claims were legally and factually frivolous and recommended that the District Court dismiss Plaintiff's claims with prejudice. (*Id*., Attach. K). On February 27, 2006, the District Court adopted the Report and Recommendation and held that the dismissal counted as a "strike" under 28 U.S.C. § 1915 (g). (*Id*., Attach. L).

Additionally, in *Smith v. Lehman*, *et al*., 9th Cir. Cause No. 04-35368, the Ninth Circuit Court of Appeals found that Plaintiff was not entitled to *in forma pauperis* status for his appeal because the District Court found that his appeal was not taken in good faith. (Dkt. # 17, Exh. 1, Attach. Q and R (*Smith v. Lehman*, District Court Cause No. CV03-05691-FDB)).[1]

---

[1] Since the filing of this lawsuit, Plaintiff has incurred a fifth "strike" in Smith v. Roberts*, et al.*, USDC Cause No. C06-5635-RJB (Dkt. # 17, Exh. 1, Attach. O, Attach. P). However, this recent "strike" is not relevant to the instant motion as only those received up to the time this lawsuit was filed are considered. *Lopez v. U.S. Dept. of Justice*, 2007 WL 1211652 (3d Cir.).

REPORT AND RECOMMENDATION - 3

1    In response, Plaintiff claims that there is insufficient proof before the Court that he filed any
2 of these cases. (Dkt. # 23 at 10). Plaintiff insists that he be given the opportunity to personally
3 inspect the files, to cross-examine, and to be provided proof beyond a reasonable doubt that the
4 documents provided by Defendants are what they purport to be. (*Id*. at 10-14). Specifically,
5 Plaintiff appears to take issue that there are were no documents submitted containing his signature.
6 (*Id*. at 13-14).

7    The undersigned finds Plaintiff's protestations of insufficient proof to be devoid of merit
8    and
9 disingenuous. While Plaintiff may not remember or have access to the documents filed in all of his
10 cases, he has been served with the same exhibits that are before the Court, which is all that is
11 necessary to allow him to rebut the defendants' showing by explaining why a prior dismissal should
12 not counted as a strike. (Once a prisoner has been placed on notice of the potential disqualification
13 under § 1915(g), the prisoner bears the ultimate burden of persuading the court that § 1915(g) does
14 not preclude IFP status. *See Andrews v. King*, 398 F.3d at 1120.)

15    In addition, the undersigned's review of the Plaintiff's current complaint and memorandum
16 filed in support of his complaint (Dkt. # 5, 6) reveals that Plaintiff's action does not involve
17 allegations that would establish that Plaintiff is under imminent danger of serious physical injury.
18 Plaintiff complains that he was placed in administrative segregation for petitioning to be moved to a
19 different cell. *See, i.e.*, Dkt. # 6 at 5-6).

20    Accordingly, the undersigned recommends that Plaintiff's *in forma pauperis* status be
21 revoked because Plaintiff has received more than three formal "strikes" pursuant to 28 U.S.C. §
22 1915(g) and has not shown that he is under imminent danger of serious physical injury.

## CONCLUSION

REPORT AND RECOMMENDATION - 4

1    The undersigned recommends that Defendants' motion to revoke Plaintiff's *in forma*
2 *pauperis* status (Dkt. # 17) be **GRANTED**.  Further, the undersigned recommends that the Court
3 dismiss Plaintiff's complaint unless Plaintiff pays the $350.00 filing fee **within thirty (30) days** of
4 the Court's Order.

5    Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,
6 the parties shall have ten (10) days from service of this Report and Recommendation to file written
7 objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those
8 objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time
9 limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September**
10 **28, 2007**, as noted in the caption.

12    DATED this 4th  day of September, 2007.

Karen L. Strombom
United States Magistrate Judge

26 REPORT AND RECOMMENDATION - 5